UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **CHARLES KNIGHT, TDCJ #00816507,** § | |
| § | |
| **Plaintiff,** § | |
| § | SA-20-CV-00901-XR |
| **v.** § | |
| § | |
| **SERGEANT ALBERT PERALEZ,** § | |
| John B. Connally Unit, § | |
| § | |
| **Defendant.** § | |

## ORDER OF DISMISSAL

Before the Court is Plaintiff Charles Knight's ("Knight") *pro se* 42 U.S.C. § 1983 Civil Rights Complaint. (ECF No. 1). The Court previously granted Knight's Application to Proceed *In Forma Pauperis* ("IFP"). (ECF No. 4). After review, the Court orders Knight's Complaint **DISMISSED WITH PREJUDICE** for failure to state a non–frivolous claim. (ECF No. 1); *see* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

### BACKGROUND

Records from the Texas Department of Criminal Justice show that on January 30, 1998, Knight was convicted of burglary of a habitation and sentenced to fifty years' confinement. https://offender.tdcj.texas.gov/OffenderSearch/offenderDetail.action?sid=05671478 (last visited Aug. 14, 2020). Knight is currently confined in the Connally Unit. (*Id.*). Knight filed this section 1983 Complaint against Sergeant Albert Peralez of the Connally Unit based on the sergeant's alleged placement of some sort of device in Knight's cell. (ECF No. 1).

### APPLICABLE LAW

Under section Prison Litigation Reform Act, this Court is required to screen any civil complaint in which a prisoner seeks relief against a government entity, officer, or employee and dismiss the complaint if the court determines it is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii), 1915A(b)(1); *Harris v. Hegmann*,

198 F.3d 153, 156 (5th Cir. 1999). Such a dismissal may occur at any time, before or after service of process and before or after a defendant files an answer. *Shanklin v. Fernald*, 539 F. Supp.2d 878, 882 (W.D. Tex. 2008) (citing *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986)).

An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Harris*, 198 F.3d at 156. "'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges a violation of a legal interest which clearly does not exist.'" *Harris*, 1983 F.3d at 156 (quoting *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999)). A complaint is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Id.* (quoting *Eason v. Thaler*, 14 F.3d 8, 9, n.5 (5th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 327–28)).

In evaluating whether a complaint states a claim under sections 1915(e)(2)(B) and 1915A(b)(1), this Court applies the same standards governing dismissals pursuant to Rule 12(b)(6). *See DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011); *see also* FED. R. CIV. P. 12(b)(6). To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 570 (2007)); *see* FED. R. CIV. P. 12(b)(6).

When reviewing a *pro se* plaintiff's complaint, the court must construe the allegations liberally, holding the *pro se* to less stringent pleading standards than those applicable to lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97,106 (1976)); *see Haines v. Kerner*, 404 U.S. 519, 520–21(1972). However, a plaintiff's *pro se* status does not offer him "an impenetrable shield, for one acting *pro se* has no license to harass others, clog the

judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). District courts possess broad discretion when determining whether an IFP proceeding is frivolous. *Wesson v. Oglesby*, 910 F.2d 278, 281 (5th Cir. 1990).

## ANALYSIS

As noted above, an IFP complaint may be dismissed if it lacks an arguable basis in law or fact. *Neitzke*, 490 U.S. at 325; *Harris*, 198 F.3d at 156. A complaint that asserts "fantastic or delusional scenarios" is factually frivolous and subject to dismissal. *Neitzke*, 490 U.S. at 325; *Harris*, 198 F.3d at 156.

The allegations in Knight's Complaint fall into the "fantastic or delusional" category. (ECF No. 1); *see Neitzke*, 490 U.S. at 325; *Harris*, 198 F.3d at 156. Knight states in his Complaint that Sergeant Peralez "placed [him] under a computerized monitoring disk." (*Id.*). Knight contends his enemies, "ex–gang members," use the disk against him. (*Id.*). He asserts "the substance flow of computer is magnism and ballistics," which forces him to cover the vent in his cell and "to wear ear plugs to slow down the magnism flow." (*Id.*). He admits he is the only one affected by this "monitoring disk" and this is the first time it has been used within the TDCJ. (*Id.*). Knight claims the "monitoring disk" "has taken his peace of mind" and caused vomiting, vision problems, eye pain, and headaches. (*Id.*). Knight contends he has filed grievances regarding this issue, but Sergeant Peralez "lies to unit authorities," claiming Knight has psychological issues, which results in the denial of his grievances. (*Id.*). He further states the sergeant "has been covering the disk up" and preventing its removal during "shake downs." (*Id.*).

The Court finds Knight's claim that a TDCJ sergeant installed some sort of computer disk in Knight's cell that could be used to somehow monitor Knight or used by his enemies to cause

3

him pain and suffering is "pure fantasy," wholly ungrounded in reality. *See Eason*, 14 F.3d at 10. As such, the Court finds Knight's claims are factually frivolous and subject to dismissal. *See Neitzke*, 490 U.S. at 325; *Harris*, 198 F.3d at 156; *see also* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

Generally, a court must allow a *pro se* plaintiff an opportunity to further develop his allegations or remedy inadequacies in his complaint before dismissal. *See Neitzke*, 490 U.S. at 329; *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009), *cert. denied*, 560 U.S. 944 (2010). This can be accomplished by: (1) allowing the *pro se* plaintiff an opportunity to amend his complaint; (2) ordering the *pro se* plaintiff to file responses to a court–generated questionnaire; or (3) requiring the *pro se* plaintiff to subject himself to judicial questioning at a *Spears* hearing. *See Eason*, 14 F.3d at 9; *see generally Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) . However, as recognized by the Supreme Court in *Denton v. Hernandez*, "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them," an opportunity to further develop the allegations is unnecessary prior to dismissal. 504 U.S. 25, 33 (1992). The Fifth Circuit later followed *Denton's* decree and the holding in *Neitzke*, stating in *Eason* that allowing a *pro se* plaintiff to further develop his allegations is "unnecessary in cases where the facts alleged are 'fantastic or delusional scenarios.'" 14 F.3d at 9, n.5 (quoting *Neitzke*, 490 U.S. at 928).

Here, the Court finds additional factual development or greater specificity of Knight's allegations would not render them any less bizarre or fantastic. Knight's allegations present the sort of "fantastic or delusional scenario" that the *Neitzke* Court recognized is "all too familiar" to federal district judges. *Neitzke*, 490 U.S. at 329. Nothing in the Complaint shows a plausible

4

constitutional violation and nothing in the facts as alleged by Knight suggest that allowing him to amend would bring into focus any viable section 1983 claims.

## CONCLUSION

Based on the foregoing, the Court finds Knight has failed to assert a non–frivolous claim, rendering his Complaint subject to dismissal. Moreover, given the fantastic and delusional nature of his allegations, the Court finds it is unnecessary to allow Knight an opportunity to further develop his allegations by amendment, response to a court–generated questionnaire, or at a *Spears* hearing.

**IT IS THEREFORE ORDERED** that Knight's Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE** pursuant to sections 1915(e)(2)(B)(i)–(ii) and 1915A(b)(1) of Title 28 of the United States Code for failure to state a non–frivolous claim.

SIGNED this 14th day of August, 2020.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE